**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JAMES WEST, | ) | |
|       Petitioner | ) ) ) | |
|       v. | ) ) | No. 3:08cv0488 |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) ) ) | |
|       Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the Court to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

BACKGROUND

Petitioner James West, a prisoner confined at the Westville Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a loss of earned credit time in a disciplinary hearing. On May 28, 2008, a prison disciplinary hearing board ("DHB") found the petitioner guilty of

engaging in trafficking, took 224 days of earned credit time away from him, and demoted him to a lower credit time earning classification. West appealed unsuccessfully to the Superintendent and the final reviewing authority.

DISCUSSION

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, the Petitioner asserts that the Internal Affairs Office violated guidlines set forth in the inmate handbook by changing the original offense of "possession" to the higher offense of "trafficking." In ground two, he states that the sanctions imposed by the DHB did not constitute progressive discipline. He states that the inmate handbook states that "any

2

allowable sanction or combination of sanctions may be imposed. However, <u>consistent progressive</u> discipline should be used before maximum sanctions are assessed." (Petition at p. 4). West asserts that his two level demotion in credit classification "doesn't follow this rational(e)." *Id.*

Section 2254(a) provides that federal courts shall entertain an application for writ of habeas corpus in behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995), and violations of prison disciplinary policies, such as those alleged by this Petitioner, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997).

That the Internal Affairs office may have changed the original charge against the Petitioner does not violate the due process standards set forth in *Wolff v. McDonnell* so long as he was notified of the final charge against him before the hearing. The Petitioner does not allege that he did not have notice that he was being charged with trafficking before the hearing.

That the DHB may have not applied consistent progressive discipline to the Petitioner also states no Section 2254 claim upon

3

which relief can be granted because violations of prison disciplinary policies do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. at 774-75. Moreover, even if violations of a prison disciplinary policy stated a claim, the Petitioner concedes that the policy states that "any allowable sanction or combination of sanctions may be imposed." (Petition at p. 4). Accordingly, the policy allowed the DHB to impose any sanction allowed by the rules. The superintendent's response to West's disciplinary hearing appeal, which is attached to the petition, states that "the sanctions imposed are strictly within the guidelines of the ADP."

CONCLUSION

For the foregoing reasons, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**DATED: May 4, 2009**         /S/RUDY LOZANO, Judge
                               **United States District Court**